# United States Bankruptcy Court

Eastern District of New York
271 Cadman Plaza East, Suite 1595
Brooklyn, NY 11201–1800

---

| | |
|---|---|
| IN RE: | CASE NO: 1–10–41741–dem |
| Lloyd Ogman and Katrina Ogman | |
| SSN/TAX ID: | CHAPTER: 7 |
| xxx–xx–1977        xxx–xx–3369 | |
| DEBTOR(s) | |

## NOTICE OF COMPLIANCE and

## INTENT TO CURE PRE–PETITION JUDGMENT FOR POSSESSION

## PURSUANT TO BANKRUPTCY CODE § 362(b)(22) and 362(l)

**NOTICE IS HEREBY GIVEN THAT** the debtor, Lloyd Ogman and Katrina Ogman (hereinafter referred to as the debtor), of 200 Corbin Place, # L2, Brooklyn, NY, 11235, filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code on March 3, 2010.

At the time of filing, the debtor's voluntary petition included a Certification (the "First Certification") entitled "Statement by a Debtor who Resides as a Tenant of Residential Property" listing Corbin Realty of 166 Montague Street, Brooklyn, NY 11211 (hereinafter referred to as the lessor) as the lessor/landlord of the premises in which the debtor resides under a lease or rental agreement. The debtor certified that such lessor obtained a judgment for possession with respect to the premises.

The debtor has complied with Section 362(l)(1) of the Bankruptcy Code and Administrative Order No. 502, in that the debtor has submitted to the Clerk of the Court ("Clerk"), along with the First Certification, a certified or cashier's check or money order, **made payable to the lessor,** in the amount of $ 681.00 which the debtor certifies is the amount of rent that is to become due during the 30–day period following the filing of the debtor's voluntary petition (the "Rent Check").

Under these circumstances, the debtor may not be evicted for a period of up to thirty (30) days from the date that the debtor filed for bankruptcy, **unless** the lessor files an objection to the debtor's First Certification and the Court determines that the First Certification is not true. If the lessor files an objection to the First Certification, the Court will hold a hearing and will notify the debtor and the lessor of the hearing by mail. The debtor and the lessor must attend the hearing if one is scheduled.

In order for the debtor to obtain a further stay of eviction beyond the thirty–day period mentioned above, the debtor–within the first thirty days after the filing of the petition–must do the following: (1) pay directly to the lessor all money due under the judgment for possession, and (2) after making full payment, file with the Clerk, and serve on the lessor, a Second Certification (the "Second Certification") in which the debtor certifies that the entire monetary default that gave rise to the judgment for possession was cured under applicable non–bankruptcy law.

The lessor may object to the Second Certification and upon such objection, the Court will hold a hearing to determine if the Second Certification is not true. The Court will notify the debtor and the lessor of the hearing by mail. The debtor and the lessor must attend the hearing if one is scheduled.

**The lessor should complete the attached form and return it to the Clerk within 14 days of the date of this notice informing the Clerk whether the lessor consents or declines to receive the Rent Check. If the lessor consents to receive the Rent Check, the lessor should also give the Clerk an appropriate address to which it should be sent. If the lessor declines the Rent Check, the Clerk will return the Rent Check to the debtor. If the lessor fails to respond to this notice within the 14−day deadline, the lessor shall be deemed to have consented to receive the Rent Check and the Clerk shall send the Rent Check to the lessor at the address set forth in the First Certification.**

**The lessor's consent to receive the Rent Check shall not preclude the lessor from objecting to the debtor's First Certification and/or the Second Certification.**

Dated: March 4, 2010

For the Court, Robert A. Gavin, Jr., Clerk of Court

**BLntccom1.jsp** [Notice of Compliance rev.12/01/09]